# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> Venoco, LLC, <br><br> Debtor. | Chapter 11 <br><br> Bankruptcy Case No.17-10828 (JTD) <br><br> Adv. Pro. No. 18-50908 (JTD) |
| Eugene Davis, in his capacity as Liquidating Trustee of Venoco Liquidating Trust <br><br> Appellant, <br><br> v. <br><br> State of California, California Lands Commission <br><br> Appellees. | C.A. No. 22-1174-CFC <br> Bankr. BAP No. 22-48 |

## **RECOMMENDATION**

At Wilmington this **14th** day of **October, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from

counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The parties participated in a Court-ordered mediation on April 29, 2019. The parties participated in an all day mediation before the Honorable Christopher J. Burke, which was unsuccessful. At that time, Appellees had filed a motion to dismiss the Trust's claims in Bankruptcy Court on sovereign immunity, the motion was denied, and appealed to the District Court. Mediation before Judge Burke was not limited to the issues on appeal, but covered the entire dispute between the parties. This mediation was unsuccessful. Thereafter the District Court and the Third Circuit resolved the appeal in the Trust's favor. In response, Appellees filed a petition for writ of certiorari to the United States Supreme Court, which was denied on October 4, 2021.

Thereafter, the parties conducted discovery and filed motions for summary judgement . On February 16, 2022, the Bankruptcy Court conducted a hearing on the parties' competing summary judgment motions and granted summary judgment against the Trustee on Count 2. After the hearing, the Bankruptcy Court recommended the parties to either participate in mediation or conduct settlement discussions. They chose exploring with each avenues to resolve their dispute, which were unsuccessful. The case was tried before the Honorable John T. Dorsey in March 2022. Thereafter, Judge

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

Dorsey ruled against the Trustee on the final remaining count in a 51-page opinion and entered final judgement on August 23, 2022 in favor of Appellees, which is the subject of the present appeal.

Appellees are neutral on further mediation. Appellant does not believe mediation would be productive given the prior mediation efforts, the nature of the final judgment and issues on appeal. As a result, the parties request this matter be removed fro mandatory mediation. In light of the parties prior efforts to resolve, this judge agrees.

The parties propose the following briefing schedule be adopted:

| | |
|---|---|
| Appellant's Opening Brief | Due 30 days after the date of Appellees file their counter-designation of record on appeal, if any, which is due 10/10/22. |
| Appellees Answering Brief | Due 45 days after service of the opening brief |
| Appellant's Reply Brief | Due within 21 days after service of Appellees' brief |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter that this matter be withdrawn from mandatory mediation and proceed through the appeal process. No objections pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1. are anticipated since it is consistent with the parties' joint request.

Date: October 14, 2022              /s/ Chief Magistrate Judge Mary Pat Thynge